IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, DEVELOPMENT SERVICES AGENCY SUCCESSOR TO THE DEPARTMENT OF DEVELOPMENT<br>77 South High Street,<br>29th Floor<br>Columbus, OH 43215<br><br>　　　　Plaintiff<br><br>v.<br><br>ULTRACELL CORPORATION<br>399 Lindberg Avenue<br>Livermore, CA 94551<br><br>and<br><br>ULTRACELL, LLC<br>399 Lindberg Avenue<br>Livermore, CA 94551<br><br>and<br><br>BREN-TRONICS, INC.<br>10 Brayton Court<br>Commack, NY 11725-3197<br><br>and<br><br>JOHN DOES #1-#5<br>Officers and/or Directors of Bren-Tronics, Inc.<br>10 Brayton Court<br>Commack, NY 11725-3197<br><br>and | Case no. 2:16-cv-00187<br><br>Judge:<br><br>COMPLAINT |

1

| | |
|---|---|
| JOHN DOES #6-#10<br>Former Officers and/or Directors of UltraCell<br>Corporation<br>399 Lindberg Avenue<br>Livermore, CA 94551<br><br>        Defendants. | |

Plaintiff State of Ohio, Development Services Agency ("DSA"), successor to the Department of Development ("DoD"), by and through the Ohio Attorney General acting with Special Counsel, duly appointed as provided in section 109.08 of the Ohio Revised Code, states the following:

**Parties, Venue, Jurisdiction and General Allegations**

1. DSA is a State authority that provides funding under R.C. §§ 166.01 – 166.35 and other State statutes to fund projects that enhance business preservation and expansion in Ohio. DSA is headquartered in Franklin County, Ohio.

2. Defendant UltraCell Corporation is a Delaware corporation licensed to conduct business in Ohio with a last known principal place of business located at 399 Lindberg Avenue, Livermore, CA 94551 and which maintained operations at 3250 Old Springfield Road, Vandalia, OH 45377.

3. Defendant UltraCell, LLC, is a Delaware limited liability company with a principal place of business located at 399 Lindberg Avenue, Livermore, CA 94551.

4. Defendant Bren-Tronics, Inc., is a New York corporation with a principal place of business located at 10 Brayton Court, Commack, NY 11725-3197.

5. Defendant John Does #1-#5 are officers and/or directors of Defendant Bren-tronics, Inc. whose identities are currently unknown and whose names could not be discovered.

2

6. Defendant John Does #6-#10 are former officers and/or directors of Defendant UltraCell Corporation whose identities are currently unknown and whose names could not be discovered.

7. Venue is proper because Defendant UltraCell Corporation consented to venue before a court of competent jurisdiction in Franklin County, Ohio, as part of the Grant Agreements at issue in this litigation.

8. Jurisdiction is proper because the requirements of 28 U.S.C. sec. 1332(a)(1) are met as the amount in question exceeds $75,000 and the Plaintiff and principal Defendants are from different states. Defendant UltraCell Corporation was domiciled in California. Defendant UltraCell, LLC, is a California subsidiary of Defendant Bren-tronics, Inc., a New York corporation.

9. Defendant Ultracell Corporation was founded in 2002 to commercialize, produce and sell portable fuel cell technology, and was licensed to conduct business in Ohio in 2006.

10. Defendant Ultracell Corporation sought and obtained grant funds from DoD in 2007 through 2010 to develop a manufacturing plant in Dayton, Ohio, and to develop and manufacture its portable fuel cells including the UltraCell XX25 and the UltraCell XX55.

11. Defendant UltraCell Corporation received the following grant disbursements from DoD:
    A. $428,253.55 for Economic Development Grant No. ECDD 07-274, effective July 12, 2007;
    B. $300,000.79 for Economic Development Grant No. ECDD 07-285, effective July 12, 2007;
    C. $880,904.72 for Third Frontier Fuel Cell Initiative Grant No. TECH 07-048, effective July 13, 2007;
    D. $949,738.02 for Third Frontier Targeted Industry Grant No. TECH 07-065, effective July 13, 2007;

E. $676,696.24 for Third Frontier Fuel Cell Initiative Grant No. TECH 08-054, effective July 9, 2008;

F. $13,570.22 for Third Frontier Fuel Cell Initiative Grant No. TECH 10-065, effective February 9, 2010.

(The six grants between Plaintiff and Defendant UltraCell Corporation are hereinafter referred to collectively as the "Grant Agreements")

12. A true and accurate copy of Economic Development Grant No. ECDD 07-274 is attached to this complaint and marked as **Exhibit A**.

13. A true and accurate copy of Economic Development Grant No. ECDD 07-285 is attached to this complaint and marked as **Exhibit B**.

14. A true and accurate copy of Third Frontier Fuel Cell Initiative Grant No. TECH 07-048 is attached to this complaint and marked as **Exhibit C**.

15. A true and accurate copy of Third Frontier Targeted Industry Grant No. TECH 07-065 is attached to this complaint and marked as **Exhibit D**.

16. A true and accurate copy of Third Frontier Fuel Cell Initiative Grant No. TECH 08-054 is attached to this complaint and marked as **Exhibit E**.

17. A true and accurate copy of Third Frontier Fuel Cell Initiative Grant No. TECH 10-065 is attached to this complaint and marked as **Exhibit F**.

18. According to language contained in the Grant Agreements, defendant UltraCell Corporation agreed to maintain its facility in Dayton, Ohio.

19. According to language contained in the Grant Agreements, Defendant UltraCell Corporation agreed that if it should sell, relocate, move or otherwise divest ownership of its facility before

the expiration of the term of the Grant Agreements it would return a percentage of the grant distributions based on the number of years in operation.

20. According to language contained in the Grant Agreements, Defendant UltraCell Corporation agreed that the terms and conditions of the agreement would extend to and bind and inure to the benefit of its successors and assigns.

21. According to language contained in the Grant Agreements, Defendant UltraCell Corporation agreed to comply with all applicable federal, state and local laws in the conduct of the work.

22. Defendant Ultracell Corporation announced on August 13, 2010 that it was closing its facility in Dayton, Ohio.

23. In January 2011, the Air Force Research Laboratory requested the DoD delay "claw-back" of grant distributions under the Grant Agreements to permit Defendant UltraCell Corporation to continue development of the XX25 and the XX55 in California, and seek contracts that would re-establish manufacturing operations in Dayton, Ohio.

24. Sometime thereafter, Defendant UltraCell Corporation transferred or sold its assets to Defendant UltraCell, LLC, as part of a transaction directed by Defendant Bren-tronics, Inc (the "Asset Sale").

25. Upon information and belief, The United States Department of Defense consented to the Asset Sale on condition that Defendant Bren-Tronics, Inc., fulfill Defendant UltraCell Corporation's contractual obligations to the DoD under the Grant Agreements and continue to manufacture and improve the XX25 and XX55 portable fuel cells.

26. As the successor to Defendant UltraCell Corporation, Defendant UltraCell, LLC assumed the manufacturing responsibilities for the XX25 and XX55 projects.

27. Prior to the Asset Sale, Defendant UltraCell Corporation was operating a facility at 399 Lindberg Avenue, Livermore, CA 94551, capable of producing portable fuel cell systems.

28. Prior to the Asset Sale, Defendant UltraCell Corporation had forty-seven United States patent applications pending, nine issued United States Patents, six design patents, three trademarks and twenty-three foreign patent filings for various aspects of its portable fuel cell technology, most if not all of which were registered to Defendant UltraCell Corporation, 399 Lindberg Avenue Livermore, CA 94551.

29. After the Asset Sale, Defendant UltraCell, LLC, assumed the primary address of 399 Lindberg Avenue, Livermore, CA 94551, and continued producing the same portable fuel cell systems as Defendant UltraCell Corporation using the same patents and other intellectual property.

### COUNT ONE: BREACH OF CONTRACT AGAINST DEFENDANT ULTRACELL CORPORATION

30. The preceding paragraphs are incorporated herein by reference.

31. Grant No. ECDD 07-274 required Defendant UltraCell Corporation to create 360 new jobs in the State of Ohio (Grant No. ECDD 07-274 at §8); Defendant UltraCell Corporation reported no new jobs created in Ohio.

32. Grant No. ECDD 07-285 required Defendant UltraCell Corporation to create 360 new jobs in the State of Ohio (Grant No. ECDD 07-284 at §8); Defendant UltraCell Corporation reported no new jobs created in Ohio.

33. Grant No. TECH 07-048 required Defendant UltraCell Corporation to refrain from disposing of its assets (see Grant No. TECH 07-048 at §15.2); Defendant Ultracell Corporation has disposed of the entirety of its assets.

34. Grant No. TECH 07-065 required Defendant UltraCell Corporation to refrain from disposing of its assets (see Grant No. TECH 07-048 at §15.2); Defendant UltraCell Corporation has disposed of the entirety of its assets.

35. Grant No. TECH 08-054 required Defendant UltraCell Corporation to refrain from disposing of its assets (see Grant No. TECH 08-054 at §15.2); Defendant UltraCell Corporation has disposed of the entirety of its assets.

36. Grant No. TECH 10-065 required Defendant UltraCell Corporation to refrain from disposing of its assets (see Grant No. TECH 10-065 at §15.2); Defendant UltraCell Corporation has disposed of the entirety of its assets.

### COUNT TWO: TORTIOUS INTERFERENCE WITH CONTRACT AGAINST BREN-TRONICS, INC., AND JOHN DOE DEFENDANTS #1-#10

37. The preceding paragraphs are incorporated herein by reference.

38. Upon information and belief, Defendant Bren-Tronics, Inc., was aware of the obligations to the Plaintiff imposed upon Defendant UltraCell Corporation pursuant to the Grant Agreements including but not limited to the obligation to refrain from disposing of assets.

39. Despite this knowledge, Defendant Bren-Tronics, Inc. intentionally procured the breach of the Grant Agreements by creating a wholly owned subsidiary, Defendant UltraCell, LLC, which purchased or took transfer of the entirety of the assets of Defendant UltraCell Corporation in violation of the prohibition of the action in the Grant Agreements.

40. John Doe Defendants 1-5, who are believed to be officers and directors of Defendant Bren-Tronics, Inc., and whose identities are currently unknown, assisted and/or conspired with John Doe Defendants 6-10, who are believed to be officers and directors of Defendant UltraCell Corporation and whose identities are currently unknown, to procure this breach of the Grant Agreements

41. This breach resulted in damages to the Plaintiff in the form of a loss of remedy for breach of contract against Defendant UltraCell Corporation.

### COUNT THREE: BREACH OF FIDUCIARY DUTY AGAINST JOHN DOE DEFENDANTS #6-#10

42. The preceding paragraphs are incorporated herein by reference.

43. John Doe Defendants #6-#10 were officers, directors or board members of Defendant UltraCell Corporation prior to Defendant UltraCell Corporation selling or transferring its assets to Defendant UltraCell, LLC.

44. Upon information and belief, this sale or transfer was not an arms-length transaction supported by adequate consideration

45. Upon information and belief, Defendant UltraCell Corporation was insolvent or on the brink of insolvency at the time of the Asset Sale.

46. These aforementioned officers, directors or board members of Defendant UltraCell Corporation owed a fiduciary duty to Defendant UltraCell Corporation and its creditors, including Plaintiff, not to waste corporate assets which could have been used to pay corporate debts.

### COUNT FOUR: FRAUDULENT TRANSFER IN VIOLATION OF R.C. §1336.04, ET SEQ.

47. The preceding paragraphs are incorporated herein by reference.

48. Upon information and belief, the Asset Sale from Defendant UltraCell Corporation to Defendant UltraCell, LLC was meant to delay or defraud creditors, including Plaintiff, and was made without receiving equivalent value in exchange.

49. This is in violation of the Uniform Fraudulent Transfer Act as codified in R.C. §1336.04 *et seq*.

## COUNT FIVE: SUCCESSOR LIABILITY DUE TO DE FACTO MERGER

50. The preceding paragraphs are incorporated herein by reference.

51. Upon information and belief, the Asset Sale by Defendant UltraCell Corporation to Defendant UltraCell, LLC, a wholly owned subsidiary of Defendant Bren-tronics, Inc., resulted in a de facto merger between Defendant UltraCell Corporation and Defendant Bren-tronics, Inc.

52. Defendant Bren-tronics, Inc., is therefore liable for the debts of Defendant UltraCell Corporation as a successor of Defendant UltraCell Corporation.

## COUNT SIX: SUCCESSOR LIABILITY DUE TO MERE CONTINUATION

53. The preceding paragraphs are incorporated herein by reference.

54. Upon information and belief, the Asset Sale by Defendant UltraCell Corporation to Defendant UltraCell, LLC, resulted in a mere continuation of Defendant UltraCell Corporation under the new name, Ultracell, LLC.

55. As a mere continuation of Defendant UltraCell Corporation, Defendant UltraCell, LLC is liable for the debts of Defendant UltraCell Corporation.

## COUNT SEVEN: SUCCESSOR LIABILITY DUE TO FRAUDULENT INTENT

56. The preceding paragraphs are incorporated herein by reference.

57. Upon information and belief, Defendant UltraCell, LLC purchased the assets of Defendant UltraCell Corporation fraudulently for the purpose of escaping the debts of Defendant UltraCell Corporation.

58. Therefore, Defendant UltraCell, LLC is liable for the debts of Defendant UltraCell Corporation.

WHEREFORE, Ohio Development Services Agency, successor to the former Ohio Department of Development, demands judgment in the amount of $428,253.55 for Economic

Development Grant No. ECDD 07-274, $300,000.79 for Economic Development Grant No. ECDD 07-285, $880,904.72 for Third Frontier Fuel Cell Initiative Grant No. TECH 07-048, $949,738.02 for Third Frontier Targeted Industry Grant No. TECH 07-065, $676,696.24 for Third Frontier Fuel Cell Initiative Grant No. TECH 08-054, and $13,570.22 for Third Frontier Fuel Cell Initiative Grant No. TECH 10-065, interest at a rate provided in the Grant Agreements and if not provided, at a statutory rate, collection costs pursuant to R.C. 131.02, court costs and any other relief available under the law or deemed proper by the Court.

Respectfully submitted,

**MIKE DEWINE, ATTORNEY GENERAL OF OHIO**

 /s/ Andrew P. Cooke_____
Andrew P. Cooke (0040810)
Trial Counsel
Adam J. Bennett (0077831)
COOKE DEMERS, LLC
As Special Counsel for the Attorney General
260 Market Street, Suite F
New Albany, Ohio 43054
(614) 464-3900 Telephone
(614) 222-4830 Facsimile
Email: acooke@cdgattorneys.com
           abennett@cdgattorneys.com